# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
WILLIAM DANKS

### DEFENDANTS
GC SERVICES, LP.

**(b)** County of Residence of First Listed Plaintiff  DELAWARE
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
CRAIG THOR KIMMEL, KIMMEL & SILVERMAN, P.C.
30 EAST BUTLER PIKE, AMBLER, PA 19002
PHONE: (215) 540-8888 EXT. 116

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1  U.S. Government Plaintiff
- [x] 3  Federal Question *(U.S. Government Not a Party)*
- [ ] 2  U.S. Government Defendant
- [ ] 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane / [ ] 365 Personal Injury - Product Liability | [ ] 690 Other | [ ] 423 Withdrawal 28 USC 157 | [ ] 400 State Reapportionment |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability / [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability |  |  | [ ] 410 Antitrust |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander |  | **PROPERTY RIGHTS** | [ ] 430 Banks and Banking |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability / [ ] 368 Asbestos Personal Injury Product Liability |  | [ ] 820 Copyrights | [ ] 450 Commerce |
| [ ] 151 Medicare Act | [ ] 340 Marine |  | [ ] 830 Patent | [ ] 460 Deportation |
| [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans) | [ ] 345 Marine Product Liability / **PERSONAL PROPERTY** | **LABOR** | [ ] 840 Trademark | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle / [ ] 370 Other Fraud | [ ] 710 Fair Labor Standards Act | **SOCIAL SECURITY** | [x] 480 Consumer Credit |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability / [ ] 371 Truth in Lending | [ ] 720 Labor/Management Relations | [ ] 861 HIA (1395ff) | [ ] 490 Cable/Sat TV |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury / [ ] 380 Other Personal Property Damage | [ ] 740 Railway Labor Act | [ ] 862 Black Lung (923) | [ ] 850 Securities/Commodities/ Exchange |
| [ ] 195 Contract Product Liability | [ ] 362 Personal Injury - Medical Malpractice / [ ] 385 Property Damage Product Liability | [ ] 751 Family and Medical Leave Act | [ ] 863 DIWC/DIWW (405(g)) | [ ] 890 Other Statutory Actions |
| [ ] 196 Franchise |  | [ ] 790 Other Labor Litigation | [ ] 864 SSID Title XVI | [ ] 891 Agricultural Acts |
|  |  | [ ] 791 Employee Retirement Income Security Act | [ ] 865 RSI (405(g)) | [ ] 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** |  |  | [ ] 895 Freedom of Information Act |
| [ ] 210 Land Condemnation | [ ] 440 Other Civil Rights / **Habeas Corpus:** |  | **FEDERAL TAX SUITS** | [ ] 896 Arbitration |
| [ ] 220 Foreclosure | [ ] 441 Voting / [ ] 463 Alien Detainee |  | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| [ ] 230 Rent Lease & Ejectment | [ ] 442 Employment / [ ] 510 Motions to Vacate Sentence |  | [ ] 871 IRS—Third Party 26 USC 7609 | [ ] 950 Constitutionality of State Statutes |
| [ ] 240 Torts to Land | [ ] 443 Housing/Accommodations / [ ] 530 General |  |  |  |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities Employment / [ ] 535 Death Penalty | **IMMIGRATION** |  |  |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities Other / **Other:** | [ ] 462 Naturalization Application |  |  |
|  | [ ] 448 Education / [ ] 540 Mandamus & Other | [ ] 465 Other Immigration Actions |  |  |
|  | / [ ] 550 Civil Rights |  |  |  |
|  | / [ ] 555 Prison Condition |  |  |  |
|  | / [ ] 560 Civil Detainee - Conditions of Confinement |  |  |  |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
15 U.S.C. § 1692 et seq.

Brief description of cause:
FAIR DEBT COLLECTION PRACTICES ACT

## VII. REQUESTED IN COMPLAINT:
[ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** [x] Yes  [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions)*
JUDGE _____  DOCKET NUMBER _____

DATE: 08/10/2015

SIGNATURE OF ATTORNEY OF RECORD: *(signature)*

**FOR OFFICE USE ONLY**

RECEIPT # ____  AMOUNT ____  APPLYING IFP ____  JUDGE ____  MAG. JUDGE ____

# UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: 700 Sellers Avenue, Upper Darby, PA 19082

Address of Defendant: 6330 Gulfton Drive, Houston, TX 77081

Place of Accident, Incident or Transaction: _____
(*Use Reverse Side For Additional Space*)

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))   Yes☐   No☒

Does this case involve multidistrict litigation possibilities?   Yes☐   No☒

RELATED CASE, IF ANY:
Case Number: _____ Judge: _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes☐   No☒
2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes☐   No☒
3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
   Yes☐   No☒
4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
   Yes☐   No☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases*:
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☒ All other Federal Question Cases
    (Please specify) 15 U.S.C. § 1692 et seq.

B. *Diversity Jurisdiction Cases*:
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
   (Please specify) _____

## ARBITRATION CERTIFICATION
(*Check Appropriate Category*)

I, CRAIG THOR KIMMEL, counsel of record do hereby certify:
☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;
☐ Relief other than monetary damages is sought.

DATE: 08-10-15     _____     57100
                    Attorney-at-Law              Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 08-10-15     _____     57100
                    Attorney-at-Law              Attorney I.D.#

CIV. 609 (5/2012)

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

CASE MANAGEMENT TRACK DESIGNATION FORM

|  |  |
|---|---|
| WILLIAM DANKS<br>V.<br>GC SERVICES, LP | CIVIL ACTION<br><br>NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255. ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits. ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2. (X)

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos. ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.) ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks. ( )

| 08-10-15 | _[signature]_ | Plaintiff, William Danks |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215-540-8888 x 116 | 877-788-2864 | kimmel@creditlaw.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

UNITED STATES DISTRICT COURT
FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WILLIAM DANKS, ) | |
| ) | |
| Plaintiff, ) | Case No.: |
| ) | |
| v. ) | COMPLAINT AND DEMAND FOR |
| ) | JURY TRIAL |
| GC SERVICES, LP, ) | |
| ) | (Unlawful Debt Collection Practices) |
| Defendant ) | |

## COMPLAINT

WILLIAM DANKS ("Plaintiff"), by and through his attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against GC SERVICES, LP ("Defendant"):

### INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

## JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28 U.S.C. § 1331, which grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3. Defendant regularly conducts business in the Commonwealth of Pennsylvania and therefore personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

## PARTIES

5. Plaintiff is a natural person residing in Upper Darby, Pennsylvania 19082.

6. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

7. In the alternative, Plaintiff is a person granted a cause of action under the FDCPA. 15 U.S.C. §1692k(a); see also Wenrich v. Cole, 2000 U.S. Dist LEXIS 18687 (E.D. Pa. Dec. 22, 2000).

8. Defendant is a corporation with its principal place of business located at 6330 Gulfton Drive, Houston, Texas, 77081.

9. At all times material hereto, Defendant acted as a "debt collector" within the meaning of 15 U.S.C. § 1692(a)(6), and attempted to collect a "debt" as defined by 15 U.S.C. § 1692(a)(5).

10. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

11. At all times material hereto, Defendant contacted Plaintiff in an attempt to collect an alleged consumer debt.

12. The debt at issue, a PHEAA student loan, arose out of transactions for primarily personal, family, or household purposes.

13. Plaintiff has never incurred any debts in connection with a business or commercial activity and, therefore, the alleged debt, if truly an obligation owed by Plaintiff, could have arisen only from a financial obligation for primarily personal, family, or household purposes.

14. Beginning in or around January 2015, and continuing through February 2015, Defendant placed repeated harassing telephone calls to Plaintiff's cellular and home telephones in its attempts to collect the alleged debt.

15. During the relevant period, Defendant called Plaintiff, on average, one (1) to two (2) times a day.

16. Plaintiff knew it was Defendant calling because he spoke with a "Tim Robeles" and "Teresa Brown" who identified Defendant as the caller.

17. On several occasions, Plaintiff informed Defendant to stop calling both his cellular and home telephones.

18. Defendant acknowledged Plaintiff's request by stating; "(we) will note the file."

19. However, Defendant failed to update its records; rather, it continued to call Plaintiff knowing that he did not want to be contacted on his home and cellular telephones.

20. In addition, when Defendant failed at securing payment from Plaintiff, it called Plaintiff's wife, sister, and daughter with intent to harass Plaintiff, as it already held information regarding Plaintiff's location and contact information.

21. Furthermore, Defendant was deceptive in its communications with Plaintiff's wife, sister, and daughter, claiming that it was calling to "check (Plaintiff's) résumé" for a job that he had applied for with their company, when they were really calling to collect a debt.

22. As Plaintiff did not apply for a job at Defendant's company, its statements were false and misleading.

23. Most recently, Defendant called Plaintiff on his cellular telephone on February 2, 2015, at 6:19 p.m. and February 3, 2015, at 1:00 p.m.

24. Defendant's actions, as described herein, were taken with the intent to annoy and harass Plaintiff.

## COUNT I
## DEFENDANT VIOLATED §§ 1692d AND 1692d(5) OF THE FDCPA

25. A debt collector violates § 1692d of the FDCPA by engaging in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

26. A debt collector violates § 1692d(5) of the FDCPA by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

27. Defendant violated §§ 1692d and 1692d(5) of the FDCPA when it placed repeated harassing telephone calls to Plaintiff's cellular and home telephone numbers, on average one (1) to two (2) times a day, with the intent to annoy, abuse, or harass Plaintiff, as well as continuing to call Plaintiff on his home and cellular telephones after being told to stop calling.

## COUNT II
## DEFENDANT VIOLATED §§ 1692e AND 1692e(10) OF THE FDCPA

28. A debt collector violates § 1692e of the FDCPA by using any false, deceptive, or misleading representation or means in connection with the collection of a debt.

29. A debt collector violates § 1692e(10) of the FDCPA by using any false or deceptive means to collect or attempt to collect any debt or obtain information concerning a consumer.

30. Defendant violated §§ 1692e and 1692e(10) of the FDCPA when it falsely claimed to members of Plaintiff's family that it was calling for a "resume check", when Plaintiff had not applied for a job with Defendant and the purpose of the call was to collect a debt.

## COUNT III
## DEFENDANT VIOLATED § 1692f OF THE FDCPA

31. A debt collector violates § 1692f of the FDCPA by using unfair or unconscionable means to collect or attempt to collect any debt.

32. Defendant violated § 1692f of the FDCPA when it contacted Plaintiff's family members; as well as when it failed to update its records to cease all calls to Plaintiff's home and cellular telephone numbers; and, generally, when it used unfair and unconscionable means to collect the alleged debt.

WHEREFORE, Plaintiff, WILLIAM DANKS, respectfully prays for judgment as follows:

    a.    All actual damages suffered pursuant to 15 U.S.C. § 1692k(a)(1);

    b.    Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A);

    c.    All reasonable attorneys' fees, witness fees, court costs and other litigation costs, pursuant to 15 U.S.C. § 1693k(a)(3);

    d.    Any other relief deemed fair and proper by this Honorable Court.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, WILLIAM DANKS, demands a jury trial in this case.

Dated: 08-10-15

Respectfully submitted,

By: _____
CRAIG THOR KIMMEL
PA. No. 57100
Kimmel & Silverman, P.C.
30 E. Butler Pike
Ambler, PA 19002
Phone: (215) 540-8888
Fax: (877) 788-2864
Email: kimmel@creditlaw.com

- 8 -

PLAINTIFF'S COMPLAINT